[L. A. Nos. 21179-21181. In Bank. Mar. 21, 1950.]

T. R. KOBE et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION, BETTY J. RUBLE et al., AUGUSTINE PADILLA and ALFRED BJERKE, Respondents.

(Three Cases.)

34

Kearney, McCartney, Scott & Clopton for Petitioners.

T. Groezinger and Robert Ball for Respondents.

Charles P. Scully, Robert W. Gilbert, Louis A. Nissen and William B. Irvin, as Amici Curiae on behalf of Respondents.

GIBSON, C. J.—These are proceedings to review orders of the Industrial Accident Commission awarding compensation for injuries sustained by employees in an automobile accident which occurred while they were returning home from work.

Bjerke, Padilla and Ruble lived in Pomona and were employed by petitioner Kobe on a roofing job in San Bernardino. It was agreed that the men would work nine hours per day and would receive an additional hour's pay to compensate them for the time spent in traveling to and from work. Kobe was a party to a union contract which obligated him to pay travel time to employees who traveled back and forth each day to jobs over 15 miles distant from the employer's place of business, and it was common practice in the business to pay one hour's extra pay in lieu of travel time. The employees involved in these proceedings traveled to and from the job in San Bernardino in an automobile owned and driven by Bjerke, the trip ordinarily taking about thirty-five minutes. On the day of the accident, they left their place of work at 4:30 p. m. and 10 to 15 minutes later, after they had proceeded about 5 miles on the shortest route to Pomona, the automobile in which they were riding was struck by a locomotive. Bjerke and Padilla were seriously injured and Ruble subsequently died from the effects of the injuries he received.

The question before us is whether the evidence supports the

commission's findings and conclusion that the injuries arose out of and in the course of the employment.

It is the general rule that injuries sustained by an employee going to or returning from work are not compensable under the Workmen's Compensation Act. The rule is premised on the theory that ordinarily the employment relationship is suspended from the time the employee leaves his work to go home until he resumes his work. (*California Cas. Indem. Exch.* v. *Industrial Acc. Com.*, 21 Cal.2d 751, 754 [135 P.2d 158].) However, the employer may agree, either expressly or impliedly, that the relationship shall continue during the period of "going and coming," in which case the employee is entitled to the protection of the act during that period. Such an agreement may be inferred from the fact that the employer furnishes transportation to and from work as an incident of the employment. (*California Cas. Indem. Exch.* v. *Industrial Acc. Com.*, 21 Cal.2d 461 [132 P.2d 815]; *Trussless Roof Co.* v. *Industrial Acc. Com.*, 119 Cal.App. 91 [6 P.2d 254]; *cf. Breland* v. *Traylor Eng. etc. Co.*, 52 Cal.App.2d 415 [126 P.2d 455].) It seems equally clear that such an agreement may also be inferred from the fact that the employer compensates the employee for the time consumed in traveling to and from work.

The case of *Western Pipe etc. Co.* v. *Industrial Acc. Com.*, 49 Cal.App.2d 108 [121 P.2d 35], is directly in point. There a death benefit award was affirmed in favor of the widow of an employee who was killed while returning to work from dinner. After pointing out that normally an employee on his way to or from meals is not performing services for the employer, the court stated at page 112-113: "But, of course, the employer may expressly or impliedly agree that service shall continue during the period the employee is going to or coming from his meals taken off the premises. When the employer pays the employee at an hourly rate during his meal hours . . . it seems to be, and is a reasonable inference, that by such an arrangement the employer has impliedly agreed that service will continue during such period." In reaching this conclusion, the court pointed out that an exception to the "going and coming" rule is generally recognized " 'where the employee's compensation covers the time involved in going to or from his work, or an allowance is made for the cost of transportation.' (87 A.L.R. 250.)" "Running through the cases," the opinion continues, "is the thought

that by agreeing to pay the employee from the time he leaves home until the time he returns, the employer has agreed that the employment shall be continuous. . . .'' (*Cf., Voehl* v. *Indemnity Ins. Co.,* 288 U.S. 162 [53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245]; *Cardillo* v. *Liberty Mut. Ins. Co.,* 330 U.S. 469 [67 S.Ct. 801, 91 L.Ed. 1028].)

We conclude that where, as in the present cases, the employer pays the employee a specified amount to cover the time required to travel to and from work, it is a permissible inference that the employer has agreed that the employment relationship shall commence at the time the employee leaves his home and continue until his return. Under such circumstances, the perils of the journey may properly be regarded as the hazards of the employment against which the employee is entitled to be protected by the Workmen's Compensation Act.

The awards are affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.