In the Matter of the Claim of Louis MACALUSO, Respondent, against ALEXANDER, SHUMWAY AND UTZ Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board, appellants contending that the accident which occurred while claimant was changing a tire on his own automobile while on his way to work and some miles away from the job location where he was employed as a carpenter, did not arise in the course of the employment. The board's decision to the contrary was predicated upon the findings that, in addition to regular wages, claimant was paid $1 per day for transportation to his place of work (some 35–40 miles distant) and that such payment "was an inducement to obtain the necessary help." It is abundantly clear from direct testimony and inference alike that it was necessary but difficult for the employer to get workmen from a distance; that there was no public transportation available from Mt. Morris where claimant lived; that about 18 months before the accident two other residents of Mt. Morris informed claimant that their "boss had told them to hire a man who owned a car so that they could get to work, too, and [the employer] would pay [him] $2.23 an hour, plus the traveling time which was one dollar". Claimant went to work on that basis and regularly conveyed these two men who were also paid an extra $1 each, which they turned over to claimant for their transportation. On occasion claimant was directed by the employer to, and did, carry other employees. The payments were consistent with the union contract which provided for payment of bus fares in excess of city transportation and for "special arrangements" should the job be inaccessible by bus. The board was warranted in rejecting appellants' theory that the extra payment was a mere gratuity and in finding in accordance with the decisions in *Matter of De Pasquale* v. *Cowper Co.* (6 A D 2d 909, motion for leave to appeal denied 5 N Y 2d 707) and *Matter of Coressmann* v. *Moran & Sons* (4 A D 2d 712). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.