In the Matter of the Claims of VERNA FRICK et al., Respondents, v. JOHN W. ROUSE CONSTRUCTION CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer, a building contractor, with its main office in Gouverneur, while engaged in construction work in various parts of New York, assigned decedent Frick, its carpenter foreman, decedent Horton, its labor foreman, and decedent Whalen, its project superintendent, to its job at Binghamton, a considerable distance from Gouverneur and from decedents' homes in and near Gouverneur. While decedents were traveling to the job at Binghamton, after spending the week end at their homes, they were killed as the result of an automobile accident. Appellants contest the finding that the accidental deaths arose out of and in the course of the employment, contending that the week-end visit and the travel incidental thereto constituted purely personal activities. Each of the decedents, while working away from home, was paid, in addition to his salary, an additional amount each week, $25 plus $25 for lodging in the case of Whalen and $30 each to Frick and Horton. Although appellants argue that under company policy these payments represented "subsistence" allowances, the earnings statements issued with their weekly salary checks in each case showed the item as "Travel", that word being typed under the printed word "Misc" on the printed form, and the employer's vice-president testifying that these checks "follow[ed] company policy" and were typed at the Gouverneur office under his supervision; the Federal and State income tax information returns prepared and filed by the employer showed the aggregate of these items as "Travel-Subsistence"; the employer maintained a record of the earnings of each of these employees on a ledger sheet or card and on a separate card headed or entitled "Travel", underlined in red, maintained a record of the additional weekly payments hereinbefore referred to; and the employer's vice president conceded that "in a broad sense" each of the decedents was paid "travel money" in addition to his regular salary, while working on the Binghamton job. It was also conceded that the employer knew that on week ends, "as a general practice", these three employees were going to their homes and then returning to Binghamton; and it was with this knowledge, presumably, that the various bookkeeping and accounting entries above discussed were made over a period of some months. The travel allowance could be deemed consistent with or in substitution of the provision of the labor contract and the written statement of company policy appearing in the record; but in any event the board was not bound to give controlling weight to either, in the face of the admissions and the other evidence of the parties' long-continued practices. Thus, there is substantial evidence supportive

of the board's finding that the payments in question constituted travel allowances. In consequence, the travel was incidental to the work, as the board also found, and was necessarily contemplated and approved by the employer. Here, as in *Matter of De Pasquale* v. *Cowper Co.* (6 A D 2d 909, motion for leave to appeal denied 5 N Y 2d 707), the travel allowance seems clearly to have been intended as an "inducement and incentive to obtain necessary help for construction work" at a distant point, in this case by three key supervisory employees. Additional authority is to be found in *Matter of Macaluso* v. *Alexander, Shumway & Utz Co.* (11 A D 2d 838, motion for leave to appeal denied 8 N Y 2d 708) and in *Matter of Coressmann* v. *Moran & Sons* (4 A D 2d 712) and the cases there cited; and closely in point is our recent decision in *Matter of Madden* v. *Kellogg Co.* (18 A D 2d 951) in which we affirmed a board decision which found that the payment to workmen, at a site some distance from their homes, of travel expense of $1 per day was an inducement to employment, with the result that automobile travel to the job was brought within the employment. We do not pass upon the additional grounds found by the board in support of the awards in the Horton case and the Whalen case. Decisions unanimously affirmed, with one bill of costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.