[Civ. No. 29392. Second Dist., Div. Two. Jan. 24, 1966.]

WESTINGHOUSE ELECTRIC CORPORATION, ELE-
VATOR CONSTRUCTION DIVISION, Petitioner, v.
INDUSTRIAL ACCIDENT COMMISSION and VIRGIL
C. BLANCHARD, JR., Respondents.

Poindexter & Barger and Alfred B. Doutré for Petitioner.

Everett A. Corten, Edward A. Sarkisian and Rupert A.
Pedrin for Respondents.

ROTH, P. J.—This is a proceeding to review an order of
the Industrial Accident Commission holding an employee
entitled to compensation for injuries sustained in an automo-
bile accident which occurred while he was traveling to
work.

Virgil C. Blanchard, Jr., an employee of petitioner Westinghouse Electric Corporation, was injured in an automobile accident while driving from his home to work at a job site located at 9300 Wilshire Boulevard in the city of Beverly Hills. Transportation to and from work was not furnished by the employer, and it exercised no control over the means of transportation or route chosen by the employee. The employee was not compensated or entitled to be compensated for the time required to travel to and from work. He was, however, paid carfare of 60 cents per day pursuant to a contract between his union and employer. The contract contained a clause entitled "Traveling Time and Expense" which provided for the payment of allowances for travel and/or expense depending upon the location of the job site. In Zone A, an area within a 5-mile radius of the Los Angeles City Hall, employees were required to pay the traveling expense. In Zone 1, an area within a 10-mile radius, wherein the job site in the present case was located, employees were entitled to 60 cents "round trip" travel expense per day. In zones covering greater distances, provision was made for higher allowances for travel expense and in some instances for allowances for travel time as well. Blanchard was reimbursed $2.40 carfare for the week in which the accident occurred, and no control was exercised by his employer over the use of the money he was so paid.

 Petitioner contends that since the accident occurred while Blanchard was going to work, his injuries did not arise out of and in the course of his employment. On the other hand, Blanchard contends that inasmuch as he was paid carfare or a specified amount for travel expense, his employment embraced the time he was en route to work.

The established rules which govern the compensability of injuries sustained by an employee while going to or returning home from work are set forth in *Kobe v. Industrial Acc. Com.*, 35 Cal.2d 33, 35 [215 P.2d 736], as follows: "It is the general rule that injuries sustained by an employee going to or returning from work are not compensable under the Workmen's Compensation Act. The rule is premised on the theory that ordinarily the employment relationship is suspended from the time the employee leaves his work to go home until he resumes his work. (*California Cas. Indem. Exch. v. Industrial Acc. Com.*, 21 Cal.2d 751, 754 [135 P.2d 158].) However, the employer may agree, either expressly or impliedly, that the relationship shall continue during the

period of 'going and coming,' in which case the employee is entitled to the protection of the act during that period. Such an agreement may be inferred from the fact that the employer furnishes transportation to and from work as an incident of the employment. (*California Cas. Indem. Exch.* v. *Industrial Acc. Com.,* 21 Cal.2d 461 [132 P.2d 815]; *Trussless Roof Co.* v. *Industrial Acc. Com.,* 119 Cal.App. 91 [6 P.2d 254]; cf. *Breland* v. *Traylor Eng. etc. Co.,* 52 Cal.App.2d 415 [126 P.2d 455].) . . . [S]uch an agreement may also be inferred from the fact that the employer compensates the employee for the time consumed in traveling to and from work.''

An agreement that the employment relationship shall continue during the period of travel to and from work cannot be inferred, however, from the mere fact that the employer pays the cost of public transportation or an amount for travel expense which is not paid in lieu of or as a means of discharging a contractual obligation to furnish transportation. In *Cardillo* v. *Liberty Mutual Ins. Co.,* 330 U.S. 469, 482 [67 S.Ct. 801, 91 L.Ed. 1028], the court stated, ''To be sure, there are many holdings to the effect that, where the employer merely pays the costs of transportation, an injury occurring during the journey does not arise out of and in the course of the employment; there must be something more than mere payment of transportation costs.'' The same view was expressed by the California Supreme Court in *Smith* v. *Industrial Acc. Com.,* 18 Cal.2d 843, 847 [118 P.2d 6], as follows: ''It also may be pointed out that the fact that the employer reimbursed the employee for his fare on the ferry from the island to San Francisco would not of itself cause the injury to arise out of the course of employment. The payment to the employee of the cost of public transportation to and from his place of residence to the place of work does not ordinarily in itself, furnish a basis for concluding that an injury sustained during such transportation arose out of the course of employment.'' *Trussless Roof Co.* v. *Industrial Acc. Com.,* 119 Cal.App. 91, 94 [6 P.2d 254], also recognizes that payment of travel expense is not the equivalent of furnishing transportation. In discussing the requirement that a vehicle be within the control of the employer as a rationale for the rule that injuries are compensable when transportation is furnished by the employer, the court stated: ''We doubt if this requirement goes further than to distinguish between public means of travel paid for by the employer and that privately furnished by him. In the case of public transporta-

tion, there is no liability under the rule which we find governs here." And, in *Orsinie* v. *Torrance,* 96 Conn. 352 [113 A. 924], the court distinguished the payment of travel expense from the furnishing of transportation by stating, "The fact that because of the location of the work this wage included a sum measured by the cost of transportation by trolley to and from the work is of no more significance than if it included a sum measured by the additional cost of food at that place."

In the present case, the employer did not, and was not obligated to, compensate the employee for the time consumed in travel. It was so stipulated by the parties, and the union contract expressly distinguished between the payment of "travel expense" as in this case and the payment of "travel time" provided for in other situations. The employer likewise did not, and was not obligated to, furnish transportation. There was no express agreement to that effect and no evidence of circumstances such as past practice or custom from which such an agreement might be implied. (Cf. *Trussless Roof Co.* v. *Industrial Acc. Com., supra; California Cas. Indem. Exch.* v. *Industrial Acc. Com., supra.*) The sums paid to employees as travel expense pursuant to the contract with the union bore no relation either to the actual time spent in travel or actual distance traveled. For example, an employee living in the eastern portion of the county who traveled an hour or more over a distance of many miles received the same payment as an employee living in Beverly Hills who traveled only a few minutes for a distance of a few blocks.

The case of *Breland* v. *Traylor Eng. etc. Co.,* 52 Cal.App.2d 415 [126 P.2d 455], might appear to be in conflict with the rule involved herein and does contain some language which is inconsistent with the statements quoted above. However, the case is distinguishable and involved more than mere payment of transportation cost or travel expense. In that case, an eastern manufacturer sold a kiln to a California customer for installation in the latter's plant near San Jose, and agreed to send two of its employees to California to assist in the installation. The employees were allowed their railroad fare and subsistence to California, although they actually drove their own automobiles. After their arrival in San Jose the employer paid all their living expenses and 5 cents a mile for transportation to and from the buyer's plant, in addition to monthly salaries. The job was a "rush" job and frequently required the employees to work on Sundays and holidays. On Thanksgiving Day, while driving to work at the buyer's plant, one

of the employees collided with another automobile causing injury to its occupants. The court held there was evidence that the employee was acting in the scope of his employment which justified imposing liability on the employer for injuries sustained by the occupants of the other vehicle. In light of the circumstances, including among others, the nature and location of the assigned work, the payment of all living expenses in addition to monthly salaries, and the performance of services on a holiday, it seems apparent that the conclusion that there was an implied agreement that the employment relationship would exist or continue while the employee was en route from San Jose to the plant was not based solely on the fact that the employer paid the employee's transportation expense. (Cf. *Voehl* v. *Indemnity Ins. Co.*, 288 U.S. 162 [53 S.Ct. 380, 77 L.Ed. 676, 37 A.L.R. 245]; *Gaytan Eng. Co.* v *Industrial Acc Com.*, 95 Cal.App.2d 740 [213 P.2d 737]; *Western Pipe etc. Co.* v. *Industrial Acc. Com.*, 49 Cal.App.2d 108 [121 P.2d 35].) The opinion in the *Breland* case cites an annotation appearing in 87 A.L.R. 250 wherein it is stated that an exception to the general rule that injuries received by an employee while going to or coming from work are not compensable "is generally recognized where the employee's compensation covers the time involved in going to or from his work, or an allowance is made [by the employer] for the cost of transportation." It is significant that none of the cases discussed in the annotation, however, involved merely the payment by the employer of the cost of transportation. All involved either the payment of travel time, the furnishing of transportation, the payment of transportation cost as a means of discharging an employer's obligation to furnish transportation, or other special circumstances. Therefore, the quotation from the annotation is accurate only if there is added thereto words such as "in lieu of furnishing promised transportation."

We conclude that in the present case there was no evidence to support a finding that the injuries received by the employee while going to work arose out of and in the course of his employment.

The order is annulled.

Herndon, J., and Fleming, J., concurred.

The petition of respondent Industrial Accident Commission for a hearing by the Supreme Court was denied March 22, 1966.