[L. A. No. 29322.   In Bank.   June 23, 1967.]

ZENITH NATIONAL INSURANCE COMPANY et al., Petitioners, v. WORKMEN'S COMPENSATION APPEALS BOARD and LAWRENCE ALVIN DeCARMO, Respondents.

Irmas & Rutter and William A. Rutter for Petitioners.

Everett A. Corten, Edward A. Sarkisian, Rupert A. Pedrin, Romaine E. Harper, Oshman, Brownfield & Smith and George E. Brownfield for Respondents.

TOBRINER, J.—The present proceeding to review a compensation award requires us to determine the scope of the so-called going and coming rule, which excludes from the coverage of the Workmen's Compensation Act the time spent by

employees in transit between their homes and their jobs. A long-recognized exception to this rule authorizes compensation when the employer has undertaken to defray the travel expenses of his employees under certain circumstances. We hold that respondent Workmen's Compensation Appeals Board properly found that the travel involved here lies within the scope of the exception; we therefore affirm the award.

Applicant, Lawrence Alvin De Carmo, sustained serious injuries in an automobile accident while en route to a remote construction site. The evidence before respondent board established that applicant, a bricktender, was employed by petitioner Smiley Steel Construction Company at a job site which was 130 miles from his home in the Los Angeles area, that in order to induce applicant and other employees to accept such employment their employer paid them $10 a day "to cover transportation costs and living expenses," that it was the practice of the employees, well known to their employer, to travel to their homes on weekends, and that on infrequent occasions, when employees could not arrange transportation to and from the job site, the employer would itself provide it.

On the Friday before his injury applicant returned to his home in his employer's truck. On Sunday evening he called the job superintendent at his home and requested transportation for the return trip. The superintendent directed applicant to present himself at the superintendent's home in the morning. When applicant arrived he discovered that the superintendent could not take him to the job site; the superintendent, however, did "arrange" for applicant to ride with two of the other workers. During the course of this trip applicant sustained the injuries for which the board awarded compensation.

In attacking the award petitioners claim that applicant's injuries did not arise "out of and in the course of the employment" (Lab. Code, § 3600); they rely on the so-called going and coming rule which excludes from the class of compensable injuries those sustained in transit between home and job. Although California, unlike some other states, has enacted no statute expressly adopting the going and coming rule, that rule has become a part of the jurisprudence of workmen's compensation by judicial decision. As this court observed in *Kobe* v. *Industrial Acc. Com.* (1950) 35 Cal.2d 33, 35 [215 P.2d 736]: "It is the general rule that injuries sustained by an employee going to or returning from work are

not compensable under the Workmen's Compensation Act. The rule is premised on the theory that ordinarily the employment relationship is suspended from the time the employee leaves his work to go home until he resumes his work.''

■ Since the going and coming rule rests upon the basis that the employer-employee relationship lapses during the employee's off-duty absence from the job,[1] the rule does not apply in the event that the relationship in fact continues. Thus, as we shall explain, courts have recognized exceptions to the rule upon a showing that the employer furnished transportation to the worker, or compensated him for travel time or defrayed his travel expenses.[2]

As this court held in the *Kobe* case: ''[T]he employer may agree, either expressly or impliedly, that the [employment] relationship shall continue during the period of 'going and coming,' in which case the employee is entitled to the protection of the act during that period.'' (P. 35.) The court pointed out that if the employer compensated the employee for travel time or if the employer furnished the employee transportation to and from work, injuries sustained by the employee during travel may be compensable. (*Kobe* v. *Industrial Acc. Com., supra,* 35 Cal.2d 33, 35. see also *United States Fid. & Guar. Co.* v. *Donovan* (1954) 221 F.2d 515, 517.)

In regard to an employer's undertaking to defray the employee's travel expenses, a leading treatise on the law of workmen's compensation surveys the state decisions on this question and concludes that, ''[I]n the majority of cases involving a deliberate and substantial payment for the expense of travel . . . the journey is held to be in the course of employment.'' (1 Larson, Workmen's Compensation Law, pp. 270-271.) The author suggests, however, that this exception to the

[1] ''Whether deemed a suspension of the employment relationship or a cessation of service to the employer, the situation is one in which the employee steps out of the course of his employment for the off-duty period, and injuries during such a period, in the absence of special arrangements with the employer, fall under the ban of the 'going and coming' rule.'' (2 Hanna, The Law of Employee Injuries and Workmen's Compensation, p. 175.)

[2] ''An exception to the 'going and coming' rule is generally recognized where the employee's compensation covers the time involved in going to and from his work. The fact that extra wages are paid to compensate an employee for travel to an out-of-town location is sufficient to bring an injury en route to work into the course of the employment.'' (2 Hanna, *supra,* Workmen's Compensation, pp. 177-178. Footnote omitted.)

going and coming rule should be limited to situations in which extended cross-country travel is necessary to reach the employment site and the size of the travel allowance paid constitutes a substantial inducement to accept the employment.

The United States Supreme Court in *Cardillo* v. *Liberty Mut. Ins. Co.* (1947) 330 U.S. 469 [91 L.Ed. 1028, 67 S.Ct. 801], in upholding an award of compensation, expresses a similar view. In that case the employee was killed in an automobile accident while driving to work in a car operated in a privately organized car pool; the employer had paid $2 per day for travel expenses. In sustaining the conclusion that the death arose "out of and in the course of employment" the Supreme Court noted that, "There was . . . evidence that the distant location of the . . . project, the hours of work and the inadequacy of public transportation facilities all combined to make it essential, as a practical matter, that the employer furnish transportation in some manner if employees were to be obtained for the job. This was not a case of employees traveling in the same city between home and work. Extended cross-country transportation was necessary." (P. 484.)

Thus these authorities hold that the employer who makes a substantial payment for travel expenses in order to induce an employee to accept work at an extensive distance from his home has impliedly agreed that the employment "relationship shall continue during the period of 'going and coming'. . . ." (*Kobe* v. *Industrial Acc. Com., supra,* 35 Cal.2d 33, 35.)

██ Although a recent decision of the Court of Appeal (*Westinghouse Elec. Corp.* v. *Industrial Acc. Com.* (1966) 239 Cal.App.2d 533 [48 Cal.Rptr. 758]) can properly rest upon the facts of that case, the opinion suggests some questionable limitations upon the exceptions to the going and coming rule. In denying compensation to a Los Angeles resident who suffered injury while driving to work in Beverly Hills, the court concluded that a provision in the employment contract for 60 cents per day carfare did not sustain the employment relationship during the commuting period.

Since the trip to the employer's premises involved no more than a local commute and the employer granted only a nominal allowance for carfare, the court could have concluded that no exceptions to the going and coming rule applied. Indeed the court did in part rely upon this ground but also empha-

sized the fact that the employer "exercised no control over the means of transportation or route chosen by the employee" and that the employee "was not compensated . . . for the time required to travel to and from work." (P. 534.)[3] To the extent that the Court of Appeal suggested that the travel expense exception does not apply unless the employer himself controls the mode of transportation or compensates the employee for his travel time, it imposed novel conditions which we do not approve.[4]

■ The facts of the present case clearly bring it within the travel expense exception, as outlined above, to the going and coming rule. The distance between the construction site and the City of Los Angeles, where most of the construction workers resided, was approximately 130 miles. The employment contract called for an additional payment of $10 per day; the employer paid this extra amount in order to induce applicant to accept employment at the distant location. The employer knew that applicant and other employees travelled to their homes on weekends; he intended that part of the payment would cover travel expenses.[5] Any contention that the employer's failure to designate specifically a fraction of the payment as "subsistence allowance" and the remainder

---

[3]The opinion points out that the employer did not pay the applicant his usual hourly wages during the travel time. (*Westinghouse Elec. Corp.* v. *Industrial Acc. Com., supra,* 239 Cal.App.2d 533, 534, 536.) No such payment occurred in the instant case. If, however, the applicant had received wages for this time, that fact in itself might generate an inference justifying the application of an independent exception to the going and coming rule (see *Kobe* v. *Industrial Acc. Com., supra,* 35 Cal.2d 33, 35); the payment of wages during travel time does not in itself relate to the availability of the travel expense exception (see *Cardillo* v. *Liberty Mut. Ins. Co., supra,* 330 U.S. 469, 482).

[4]The court also emphasized the fact that the travel allowance was not paid "in lieu of or as a means of discharging a contractual obligation to furnish transportation." (P. 535.) The Court of Appeal thus suggested that the travel expense exception applies only when the employer provides transportation *in specie* or when, having assumed an obligation to furnish such transportation *in specie,* he transforms that obligation into a money payment. No distinction should be drawn between the status of the employee whose employer induces him to accept the job by promising to pay travel expenses and that of the employee whose employer contracts to furnish transportation as such but performs the obligation by substituted payment of travel expenses. (See *United States Fid. & Guar. Co.* v. *Donovan, supra,* 221 F.2d 515, 518.)

[5]Petitioners suggest that unless the employer "controls" the means of transportation an employee may not recover for injuries sustained in transit. Although many cases have sustained awards for injuries incurred when traveling in transportation arranged for, or furnished by, the employer (e.g., *California Cas. Indem. Exchange* v. *Industrial Acc. Com.*

as "travel expenses" cannot serve to preclude applicant from a proper award of compensation.[6]

The evidence amply supports the inference that applicant's injuries arose "out of and in the course of" his employment. (Compare *Frick* v. *John W. Rouse Constr. Corp.* (1963) 19 App.Div.2d 685 [240 N.Y.S.2d 1017].)

The award is affirmed.

Traynor, C. J., Peters, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

McCOMB, J.—I dissent. I would annul the award for the reasons expressed by Mr. Justice pro tem. McCoy in the opinion prepared by him for the Court of Appeal in *Zenith National Ins. Co.* v. *Workmen's Comp. Appeals Board* (Cal. App.) 54 Cal.Rptr. 696.

Petitioners' application for a rehearing was denied July 19, 1967.

---

(1942) 21 Cal.2d 461, 463 [132 P.2d 815]; *Trussless Roof Co.* v. *Industrial Acc. Com.* (1931) 119 Cal.App. 91 [6 P.2d 254]; see 1 Larson, Workmen's Compensation Law, p. 279), we do not regard "control" as a factor essential to recovery under the travel expense exception. The United States Supreme Court stated in *Cardillo*: "[I]t was error for the Court of Appeals in this case to emphasize that the employer must have control over the acts and movements of the employee during the transportation before it can be said that an injury arose out of and in the course of employment. The presence or absence of control is certainly a factor to be considered. But it is not decisive." (*Cardillo* v. *Liberty Mut. Ins. Co., supra,* 330 U.S. 469, 480-481.) As we find ample evidence to sustain the instant award we need not decide to what extent, if at all, the employer controlled the applicant's transportation.

[6]A collective bargaining contract called for payment of a $10 per day "subsistence allowance" to employees working over 50 miles from the "free area." We need not consider what relevance this document might have inasmuch as applicant was not a member of the union and his employer did not know about the agreement.