212 So.2d 452 (1968)
Elzie GARDNER, Administrator of the Estates of his minor sons, Donald Zay Gardner and Dennis Gardner
v.
INDUSTRIAL INDEMNITY COMPANY and Bechtel Corporation.
No. 7424.
Court of Appeal of Louisiana, First Circuit.
July 1, 1968.
*453 Arthur Cobb, Baton Rouge, for appellant.
Maurice J. Wilson of Breazeale, Sachse & Wilson, Baton Rouge, for appellee.
Before LANDRY, REID and BAILES, JJ.
LANDRY, Judge.
The trial court rejected the claims of plaintiff Elzie Gardner who sought workmen's compensation benefits for his two minor sons, Donald Zay Gardner and Dennis Gardner, for injuries sustained in an automobile accident which allegedly occurred within the scope of their employment as apprentice pipefitters by defendant Bechtel Corporation (Bechtel).
The sole issue presented in this litigation is one of law, namely, whether an employee who receives a daily travel payment of $1.00 is within the course and scope of his employment while traveling to and from his place of employment. In the court below both plaintiff and defendants *454 filed motions for summary judgment. The motion of Bechtel and its insurer, Industrial Indemnity Company, was sustained and plaintiff's suit dismissed. Plaintiff has appealed assigning as error the action of the trial court in sustaining defendants' motions and rejecting and dismissing plaintiff's own similar motion. We find no error in the judgment of the trial court and affirm the decree rendered below.
The pleadings and affidavits reveal the salient facts are uncontroverted to the effect that plaintiff's minor sons resided in or near Denham Springs, Livingston Parish, and were employed by Bechtel at a construction site in Convent, St. James Parish. Said employees furnished their own mode of transportation from their home to the work site, which was usually by means of privately owned automobiles. In addition to their regular hourly wages, said employees were each paid the sum of $1.00 daily as "travel payment" pursuant to a contract between Bechtel and the union which represented plaintiff employees. The pertinent portion of the contract, dated July 20, 1965, reads as follows:
"It is agreed between the United Association (the labor union) and the National Construction Association members (including Bechtel) present at this meeting that they will recommend payment to industrial clients and state the $1.00 was created to relieve manpower shortage. When shortage of manpower ceases to exist the NCA will meet with the U.A. with a view of recommending discontinuance of the $1.00 per day travel payment.
In the meantime this $1.00 per day will not be increased or decreased unless by agreement of both parties."
It is conceded that the $1.00 travel payment thus provided for was received by plaintiffs only on those days that they actually worked on the Bechtel job. Additionally, it is undisputed that said travel payment was not received by plaintiffs on the day of the accident inasmuch as they were injured en route to Convent, Louisiana, and did not report for work that day.
Succinctly stated, appellant contends that the payment of any "travel time or payment" by an employer is sufficient to bring the employee within the course and scope of his employment while traveling to and from work. In so contending, counsel relies upon certain observations of the eminent writer Wex Malone in his work on Louisiana Workmen's Compensation Law and Practice and certain authorities of our own as well as other jurisdictions.
On the contrary, defendants argue that the mere payment of travel time to an employee who furnishes his own means of transportation to and from his place of employment does not per se place the employee within the course and scope of his employment while traveling to and from his work. Defendants further contend that for payment of travel allowance for transportation to and from work to place an employee within the scope of his employment, such payment must be an incident to or a concomitant of the contract of hiring.
In resolution of the stated controversy, we must keep in mind certain well established principles which have been evolved by our jurisprudence.
In general, for an injury to be compensable under our Workmen's Compensation Law, LSA-R.S. 23:1021 et seq., it must occur during the course of the employee's employment, which means it must occur within working hours. Additionally, the accident producing injury must transpire within the scope of the employment which requires that it result from a risk to which the employee is necessarily subjected by virtue of the nature of his work. Peterson v. Williams, La.App., 175 So.2d 364.
Ordinarily an employee injured while going to or returning from work is not entitled to compensation. Injuries thusly occurring are considered as not arising during the course of the employment. Hay v. Travelers Insurance Company, La. *455 App., 106 So.2d 791. This general rule is, however, subject to certain well recognized and established exceptions.
One such exception exists in those occasions wherein the employee is furnished transportation by his employer as an incident to or concomitant of the employment. In such instances the employee injured while going to and from work is deemed within the scope and during the course of his employment and entitled to compensation. Griffin v. Catherine Sugar Co., Inc., 219 La. 846, 54 So.2d 121. Williams v. Travelers Ins. Co. of Hartford, Conn., La.App., 19 So.2d 586; Callihan v. Firemen's Fund Indemnity Company, La.App., 110 So.2d 758.
It appears our courts have interpreted the phrase "incident to or concomitant of the employment", when considering cases of this nature, to mean that the employer has interested himself in the transportation of his workmen because their actual transportation serves some useful purpose of the employer. In this connection we note the following language appearing in Griffin v. Catherine Sugar Co., Inc., supra:
"We think the record unmistakably shows the transportation offered the laborers by the defendant in this case was an incident to the employment, in that it would not have been furnished but for the employment. Stated in another way, had the transportation not been furnished, the defendant would have been unable to get the necessary help to harvest its crop."
However, after considering numerous cases which apply or follow the rule announced in Griffin v. Catherine Sugar Co., Inc., we conclude the scope thereof is not necessarily limited to instances wherein transportation would not have been furnished but for the employment. Rather, we find the rationale of the jurisprudence to be that whenever the employer undertakes to furnish transportation as such or allow travel expense in lieu thereof, the employee is within the course of his employment while traveling to and from work.
We also find that this view accords with the unquestioned majority view, the rationale of which is best illustrated by the following language appearing in Tavel v. Bechtel Corporation, 242 Md. 299, 219 A.2d 43, which we quote with approbation:
"In passing on questions of whether an employee, injured while coming to or going from the place where he worked, was injured in the course of his employment, this Court has endeavored to keep in mind both the legislative mandate that the Workmen's Compensation Act shall be so interpreted and construed as to effectuate its general social purpose and the concomitant consideration that workmen, like other members of the general public, are not insured against the common perils of life."
We also cite with approval the following remarks on the subject matter contained in Westinghouse Electric Corp. v. Industrial Acc. Com'n., 239 Cal.App.2d 533, 48 Cal.Rptr. 758:
"The established rules which govern the compensability of injuries sustained by an employee while going to or returning home from work are set forth in Kobe v. Industrial Accident Commission, 35 Cal.2d 33, 35, 215 P.2d 736, 737, as follows: `It is the general rule that injuries sustained by an employee going to or returning from work are not compensable under the Workmen's Compensation Act, § 3201 et seq. The rule is premised on the theory that ordinarily the employment relationship is suspended from the time the employee leaves his work to go home until he resumes his work. California Casualty Indemnity Exchange v. Industrial Accident Com., 21 Cal.2d 751, 753, 754, 135 P.2d 158. However, the employer may agree, either expressly or impliedly, that the relationship shall continue during the period of *456 "going and coming," in which case the employee is entitled to the protection of the acts during that period. Such an agreement may be inferred from the fact that the employer furnishes transportation to and from work as an incident of the employment. California Casualty Indemnity Exchange v. Industrial Accident Com., 21 Cal.2d 461, 132 P.2d 815; Trussless Roof Co. v. Industrial Accident Com., 119 Cal.App. 91, 6 P.2d 254; cf. Breland v. Traylor Eng. etc., Co., 52 Cal.App.2d 415, 126 P.2d 455. * * * (S)uch an agreement may also be inferred from the fact that the employer compensates the employee for the time consumed in traveling to and from work.'"
It appears our own courts have in effect on various occasions applied the rationale of the Tavel and Westinghouse cases, supra.
Thus in Callihan v. Firemen's Indemnity Company, supra, an accident was held within the scope and during the course of the employee's employment where the employer paid a travel allowance in lieu of the express obligation to furnish transportation. The same result was reached in Miller v. Indemnity Insurance Company of North America, La.App., 121 So.2d 581, where transportation was found to have been furnished by the employer as an incident to the contract of employment. In Soileau v. Tyl, La.App., 148 So.2d 173, a similar pronouncement was made on the finding that the employer contracted to furnish his employees transportation to and from work.
It is worthy of note that in each of the hereinabove cited cases wherein our courts held the employee within the course of his employment while going to and from work, there was an express contract or agreement on the part of the employer to furnish transportation as an incident to or concomitant of the employment agreement. A possible exception to the rule announced in the Callihan, Miller and Soileau cases, supra, is to be found in Williams v. Travelers Ins. Co. of Hartford, Conn., La.App., 19 So.2d 586, decided by this Court in 1944. In the Williams case, supra, it was determined that the employee was within the scope of his employment while returning from work in an automobile, upon the mere finding that the employer paid travel expenses. We note that the Williams case, supra, does not disclose the circumstances pursuant to which the travel expenses were paid. We assume the record disclosed an agreement on the part of the employer to interest himself in the payment of such expenses by agreement express or implied to pay travel allowances in lieu of an assumed obligation to furnish transportation. If the Williams case holds otherwise, it would, in our judgment, appear to be contrary to the clear weight of our jurisprudence. In the case at hand, it is of the utmost significance that no agreement on the part of the employer to pay transportation expenses, as such, has been shown.
It is conceded by counsel for all parties that our own jurisprudence is without a precedent squarely in point. With this conclusion we are in agreement considering our own research has failed to disclose an instance wherein the payment of travel expenses was made to an employee under a contractual agreement similar to the one with which we are herein concerned.
The clear weight of authority in other jurisdictions holds that mere payment of travel expenses, without an express or implied agreement to furnish transportation, does not place the employee within the course of his employment while going to and returning from work when such payments bear no relation to actual travel expenses and are intended only as an inducement to persuade persons to work at a particular job site. See Tavel v. Bechtel Corporation, et al., supra.
In Westinghouse Electric Corporation v. Industrial Acc. Com'n, supra, a case in point, the California court held an employee traveling to and from work in a private *457 automobile was not entitled to compensation for injuries received under such circumstances. This result was based on the finding that there was no obligation on the part of the employer to provide transportation. It was further found that although the employee was paid a fixed allowance for travel expenses, he received no wages or compensation for the travel time involved.
Counsel for appellant has cited one case, namely, Macalusa v. Alexander, Shumway & Utz Company, 11 A.D.2d 838, 203 N.Y.S.2d 106, contending the facts therein are similar to those in the case at bar. We find, however, that from the facts reported in the Macalusa case, a "memorandum decision", the opinion rendered therein is predicated upon circumstances vastly different from those involved in the case at hand. We observe that in the Macalusa case an employee paid a fixed travel allowance was deemed within the course of his employment while traveling to and from work. The reported facts show that in the cited case the employer paid a $1.00 transportation charge because the unavailability of public transportation made it difficult to obtain employees who lived a considerable distance from the job site. The court also alluded to the employer's contract with the union, the virtual effect of which was to obligate the employer to pay travel expenses in lieu of furnishing transportation under certain circumstances. These important circumstances are lacking in the case presently before us.
We note further that Cardillo v. Liberty Mutual Insurance Company, 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028, cited and relied upon by counsel for appellants, is also not in point. In the Cardillo case, supra, the court expressly found that the $2.00 daily travel allowance paid represented the approximate cost of travel involved and was paid in discharge of the employer's assumed obligation to furnish transportation. We note further that the Cardillo case also recognizes that the mere payment of travel expense by the employer is not the sole determining factor in cases of this nature but that there must also be something more than the mere payment of transportation cost.
We are in accord with the generally applied rule that the agreement of the employer to furnish transportation or pay a sum in lieu thereof may be either express or implied. Likewise, we subscribe to the principle that in each instance the agreement of the employer to pay travel expenses, either as an incident to or concomitant of the employment agreement, is a question of fact to be determined in the light of the circumstances of each particular case. In the matter at hand, appellees lay considerable stress on the fact that the allowance in question is only $1.00 per day and obviously bears no true relation to actual travel expenses considering all employees receive the same allotment irrespective of the distance they may travel. Granted that this factor is of considerable importance in cases of this nature, nevertheless it is but one of the circumstances which must be considered along with all other attending events which shed light upon the intention of the employer in resolving matters of this nature.
That the allowance involved herein in fact bears no actual relationship to actual travel expense is further corroboration of the lack of employer intent to become obligated to furnish transportation or payments in lieu thereof. The real basis for the so-called "travel payment" provided for herein is set forth in the agreement in clear and unambiguous terms. In language leaving no doubt as to its intent, the contract stipulates the sole purpose of the $1.00 payment therein provided for is to serve as an inducement to relieve an existing manpower shortage which is nowhere shown to be attributable to travel difficulties. That it is not an undertaking on the part of the employer to furnish transportation to employees or pay an agreed sum in lieu thereof is shown by the further contract provision implying that the payments *458 may be discontinued for reasons having no relationship to travel conditions, namely, cessation of an acknowledged manpower shortage.
Under the circumstances shown, we conclude that the "travel payment" involved herein was not an incident to or concomitant of the contract of employment. It follows, therefore, that at the time of the accidents in question, plaintiffs were not acting within the scope or during the course of their employment by defendant Bechtel Corporation.
Accordingly, the judgment of the trial court is affirmed at appellant's cost.
Affirmed.