Filed 5/24/13  Haddad v. Forbes Industries CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| SALAM HADDAD et al., | |
| Plaintiffs and Appellants, | E055208 |
| v. | (Super.Ct.No. CIVDS917100) |
| FORBES INDUSTRIES et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  John P. Vander Feer, Judge.  Affirmed.

AlderLaw, Michael Alder and Jennifer P. Burkes for Plaintiffs and Appellants.

Osman & Associates, Richard L. Scott and Danielle D. Mittskus for Defendants and Respondents.

This is an appeal from a summary judgment entered against plaintiffs and appellants, Salam Haddad et al., (hereafter collectively referred to as plaintiffs) in their action seeking damages, among other things, for wrongful death against defendants and

1

respondents, Forbes Industries and The Winsford Corporation (defendants). Plaintiffs are the surviving wife and children of Nail Haddad, who was killed the morning of May 21, 2009, in a head-on collision with Rueben Michael Garcia (Garcia), who was driving the wrong way on a freeway off ramp. Garcia was under the influence of alcohol at the time of the collision and had a blood-alcohol level of 0.23. Defendants are Garcia's employers, whom plaintiffs sued on the theory that Garcia was acting in the course and scope of his employment when the accident occurred.

Defendants moved for summary judgment asserting it was undisputed that Garcia had not come to work on the day of the accident. Therefore, defendants asserted it was undisputed that the accident that killed Nail Haddad had not occurred in the course and scope of Garcia's employment. The trial court found there was no triable issue of material fact on that element of plaintiffs' complaint and granted summary judgment in defendants' favor.

Plaintiffs contend, among other things, that triable issues of material fact exist regarding whether Garcia was driving in the course and scope of his employment at the time of the accident and, therefore, the trial court should not have granted summary judgment in defendants' favor. We disagree with plaintiffs.

Therefore, we will not address plaintiffs' other claims because those claims are irrelevant.[1]  Instead, we will affirm the judgment.

## DISCUSSION

### 1.

### Standard of Review

On appeal, we review de novo an order granting summary judgment.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860 (*Aguilar*).)  The trial court must grant a summary judgment motion when the evidence shows that there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law.  (Code Civ. Proc., § 437c, subd. (c);[2] *Aguilar*, at p. 843.)  In making this determination, courts view the evidence, including all reasonable inferences supported by that evidence, in the light most favorable to the nonmoving party.  (§ 437c, subd. (c); *Aguilar*, at p. 843.)  A defendant moving for summary judgment has the burden of producing evidence showing that one or more elements of the plaintiff's cause of action cannot be established, or that

---

[1]  One of plaintiffs' other claims is that the trial court should have denied defendants' summary judgment motion because Garcia had invoked his Fifth Amendment right to remain silent and had not provided any information.  They claim that, as a result, they were unable to obtain information about the project Garcia was working on at the time of the accident.  If relevant at all, that evidence was directed at undermining the credibility of Mark Sheley, Garcia's supervisor, as plaintiffs effectively admit.  Plaintiffs also claim they had been unable to take the deposition of one of Garcia's coworkers and, for that reason, the trial court should have denied defendants' summary judgment motion.  Plaintiffs do not identify the information they had hoped to obtain from the coworker and, therefore, have not demonstrated a basis upon which to deny defendants' summary judgment motion.

[2]  All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

there is a complete defense to that cause of action. (§ 437c, subd. (o)(2); *Aguilar*, 25 Cal.4th at pp. 849-851, 854-855.) The burden then shifts to the plaintiff to produce specific facts showing a triable issue as to the cause of action or the defense. (§ 437c, subd. (o)(2); *Aguilar*, at pp. 849-851.) Despite the shifting burdens of production, the defendant, as the moving party, always bears the ultimate burden of persuasion as to whether summary judgment is warranted. (§ 437c, subd. (o)(2); *Aguilar*, at p. 850.)

**2.**

**Analysis**

Plaintiffs' theory of liability with respect to defendants was based on respondeat superior, i.e., that at the time of the accident defendants were Garcia's employers and Garcia was acting in the course and scope of his employment. "Under the theory of respondeat superior, employers are vicariously liable for tortious acts committed by employees during the course and scope of their employment. [Citation.]" (*Lobo v. Tamco* (2010) 182 Cal.App.4th 297, 301 [Fourth Dist., Div. Two].)

**A. Defendants' Showing in Support of Summary Judgment**

In their summary judgment motion, defendants did not deny that Garcia was their employee. They asserted, however, that it was undisputed that Garcia was not acting in the course and scope of his employment at the time of the accident because he had not reported for work that day.

More particularly, defendants asserted it was undisputed that at the time of the accident on May 21, 2009, Garcia was their employee (defendants manufacture mobile carts for the hospitality industry); Garcia had been employed by defendants for about

4

eight years as a marketing assistant; Garcia telephoned his supervisor, Sheley, and told him that he had a flat tire and would not be in to work that day; Garcia asked Sheley to find someone to turn on the video player in the lobby of the company's office, a project Garcia had been assigned to do that day; and Sheley was on vacation and not at work, so he asked Garcia to telephone Michael Hewitt, Sheley's supervisor, to let him know that Garcia would not be coming in to work.

Defendants also asserted that it was undisputed that at 8:52 a.m., on May 21, 2009, Garcia purchased a bottle of Jack Daniels at an Albertson's grocery store located within five miles of defendants' office building. Two hours after buying the liquor, Garcia drove his vehicle the wrong direction on the southbound I-215 off ramp at Baseline Street and collided head-on with a vehicle driven by Nail Haddad, who died as a result of injuries sustained in that collision. It is also undisputed that Garcia was driving his own vehicle at the time of the accident. On May 22, 2009, Garcia's wife called defendants to tell them that Garcia had been in an accident, and that he was in the intensive care unit at a hospital. Defendants paid Garcia sick leave for the day of the accident and subsequent days.

Defendants further asserted it was undisputed that as a marketing assistant, Garcia's work duties did not require him to use his personal vehicle, and his position did not require that he possess a driver's license. Garcia was not allowed to work from home. His duties involved graphic design, photography, and assembling marketing paraphernalia, such as advertisements and mailers. Garcia worked on a computer, in a workstation, located at the company's office in Ontario. In the eight years he had worked

5

for defendants before the accident, Garcia used his personal vehicle approximately two times to run errands for his supervisor. Garcia did not file a worker's compensation action based on the injuries he suffered in the accident.

Defendants' showing in the trial court, and recounted above, was sufficient to negate the element of plaintiffs' respondeat superior claim that Garcia was working at the time of the accident. Defendants showed that Garcia was on his own time, and not acting in the course and scope of his employment with defendants, when the collision occurred. Therefore, the burden shifted to plaintiffs to present evidence sufficient to create a triable issue of material fact on the issue of whether Garcia was acting within the course and scope of his employment at the time of the accident.

### B. Plaintiffs' Showing in Opposition to Summary Judgment

In their opposition, plaintiffs asserted that a triable issue of material fact existed regarding whether Garcia was acting within the course and scope of his employment at the time of the accident because (1) the documentation defendants offered to show that Garcia called his employer to say that he would not be coming in to work on May 21, 2009, was an email prepared by Sheley, dated July 31, 2009, more than two months after the accident; (2) Sheley's email showed that Garcia called at 8:15 a.m., but in his declaration, Sheley stated that Garcia called him after 9:00 a.m.; (3) Sheley conceded in his deposition that it made no sense that Garcia would need to take an entire day off from work to fix a flat tire, even if that tire was the spare, as Garcia had claimed in his telephone call; (4) there is conflicting evidence regarding the project Garcia was involved in on the day of the accident in that Sheley initially stated he did not recall if Garcia had a

6

project to do that day, but if he did, it would have been to start the video in the lobby. However, Sheley's supervisor stated that Garcia had a drawing due on the morning of the accident; (5) Sheley's cell phone bill, which defendants offered to show that Garcia had called Sheley on the morning of May 21, 2009, was not authenticated and, in any event, defendants did not present any evidence establishing Garcia's telephone number and/or that his telephone number appeared on the cell phone bill in question;[3] (6) defendants paid Garcia sick pay for May 21, 2009, the day of the accident, which is not consistent with their claim that Garcia did not come in to work because he had a flat tire; (7) defendants did not produce any document that showed Garcia was not working on May 21, 2009, except an absence report prepared by Sheley on May 22, 2009, indicating Garcia was to be paid sick pay based on the telephone call from Garcia's wife, but that absence report does not state that Garcia called in to say he had a flat tire and would not be coming in to work. Moreover, the absence report was not printed until February 2010; (8) Garcia purchased alcohol at an Albertson's grocery store located within five miles of defendants' office where Garcia worked, but Garcia lived in Fontana, which is 15 miles from both that office and the Albertson's grocery store in question; and (9) photographs of the inside of Garcia's truck after the accident showed a black portfolio, which must have been from his work rather than Garcia's personal portfolio because Sheley and

---

[3] Plaintiffs have not cited to the record on appeal showing that they asserted this objection in the trial court or that the trial court ruled on the objection. Absent such a showing, they may not complain on appeal about the admissibility of the evidence. (§ 437c, subd. (c).)

7

Hewitt both testified at their depositions that to their knowledge Garcia did not carry a portfolio.

Plaintiffs argued in the trial court, as they do in this appeal, that the above cited evidence creates a triable issue of material fact on the question of whether Garcia was acting within the course and scope of his employment at the time of the accident. Therefore, plaintiffs contend the trial court erred in granting summary judgment in defendants' favor. We disagree.

## C. Plaintiffs Did Not Create a Triable Issue of Material Fact

Plaintiffs' showing in the trial court is, at best, directed at challenging the credibility of defendants' witness, Sheley, who, as set out above, stated in his declaration and deposition testimony that Garcia had not come in to work on the day of the accident. Summary judgment, if otherwise appropriate, may not be denied on grounds of credibility. (§ 437c, subd. (e) ["If a party is otherwise entitled to a summary judgment pursuant to this section, summary judgment may not be denied on grounds of credibility"].)

Moreover, plaintiffs' attack on Sheley's credibility consists entirely of speculation based on facts that are irrelevant because they are not material to the issue of defendants' liability. Plaintiffs did not offer any evidence to show that Garcia was working on May 21, 2009, and therefore was acting within the course and scope of his employment at the time of the accident. Instead, plaintiffs speculate, among other things, that Garcia must have been working because (1) defendants would not have paid him sick leave for May 21, 2009, and (2) Garcia would have purchased the bottle of Jack Daniels closer to his

8

home in Fontana. There are obvious answers to both questions. First, defendants paid Garcia sick leave because Garcia was an employee of defendants even if he was not actually working on May 21, 2009, when the accident occurred. Next, Garcia could have been on his way to work when he decided instead to stop at the Albertson's and buy the bottle of whiskey. In short, nothing in plaintiffs' opposition showing is inconsistent with defendants' showing in support of its summary judgment motion. At most, plaintiffs attempted to undermine the credibility of Sheley, defendants' key witness to the fact that Garcia was not working on May 21, 2009, and therefore was not acting in the course and scope of his employment at the time of the accident. Absent such a showing, the trial court correctly granted summary judgment in defendants' favor.

## DISPOSITION

The summary judgment in favor of defendants and respondents Forbes Industries and The Winsford Corporation is affirmed. Defendants and respondents to recover costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P.J.

We concur:


KING
J.


CODRINGTON
J.

9