BAKER, J., Dissenting
Sufficiently regular use of a personal vehicle for travel to perform employment duties, where it confers a substantial incidental benefit on an employer, can properly support application of the vehicle-use exception even if the vehicle was not required for such duties "at the time of the accident," as the majority today holds. ( Lobo v. Tamco (2010) 182 Cal.App.4th 297, 302-303, 105 Cal.Rptr.3d 718 [evidence that "[d]uring 2005, the year of the accident, [the employee] visited customer sites [using his own car only] five times or fewer" is sufficient to support a conclusion the vehicle use exception applies even though the employee's accident occurred during his commute home on a day the vehicle was not needed for the employer]; see also Ducey v. Argo Sales Co. (1979) 25 Cal.3d 707, 723, 159 Cal.Rptr. 835, 602 P.2d 755 [mere fact that employee was not engaged in an errand for the employer on the day of the accident not treated as dispositive; Court further relies on facts showing the employee's "occasional[ ]" errands for her employer "were not conclusively shown to be a condition of her employment" to hold the vehicle use exception inapplicable]; Zhu v. Workers' Comp. Appeals Bd. (2017) 12 Cal.App.5th 1031, 1041, 219 Cal.Rptr.3d 630 ["[employee's] transit bestowed a direct benefit on [employer], as [employer] knew that [employee] had to transit between homes to service more than one home a day"]; compare, e.g., Pierson v. Helmerich & Payne Internat. Drilling Co. (2016) 4 Cal.App.5th 608, 629, 209 Cal.Rptr.3d 222 ["
*392 Hinojosa [v. Workmen's Comp. Appeals Bd. (1972) 8 Cal.3d 150, 104 Cal.Rptr. 456, 501 P.2d 1176 ] ... is factually distinguishable because the moves from field to field occurred regularly during the course of the workday. In this case, the moves were not regular and, as a result, [the employee] did not regularly make his vehicle available to transport crew members to a new drilling site"].)
*697 Even assuming the majority's analysis of the express or implied requirement justification for applying the vehicle-use exception is sound on the facts here, it is still the case that the jury never reached the question of vicarious liability on a direct or incidental benefit theory of liability. (See, e.g., CACI No. 3725 ["The drive to and from work may also be within the scope of employment if the use of the employee's vehicle provides some direct or incidental benefit to the employer"], italics added.) There is substantial evidence that would support (but certainly not compel) liability on that theory, and I therefore dissent from the holding that directs the trial court to grant judgment notwithstanding the verdict for the County of Los Angeles.