Filed 12/10/21  Carradine v. IDrip Vape CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| RONEISHA CARRADINE, | B307443 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. BC716139) |
| IDRIP VAPE, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel M. Crowley, Judge.  Affirmed.

Wilshire Law Firm and Daniel B. Miller, for Plaintiff and Appellant.

Wesierski & Zurek, Ronald Zurek and Lynne Rasmussen; Horvitz & Levy and Rebecca G. Powell, for Defendant and Respondent.

## INTRODUCTION

In May 2018, Eyad Rihani left work at respondent IDrip Vape, LLC, which he co-owned, and started driving home in his private vehicle. On his way home, Rihani was involved in an accident that killed Shaunta Jackson. Jackson's mother, appellant Roneisha Carradine, sued respondent, seeking to hold it vicariously liable for Rihani's actions.

Respondent moved for summary judgment, arguing it could not be held liable for Rihani's actions. Among other things, respondent argued that under the "going-and-coming rule," Rihani's drive home from work was outside the scope of his work and thus could not subject respondent to liability. Appellant opposed the motion, arguing, inter alia, that Rihani's commute fell within an "incidental-benefit exception" to the going-and-coming rule because respondent benefitted from the daily availability of Rihani's vehicle, which he occasionally used for work purposes on an "impromptu" basis.

The trial court granted respondent's motion for summary judgment. It concluded that the going-and-coming rule applied because respondent did not require Rihani to use his car for work, and that Rihani used the car as a matter of personal convenience, not because emergency business trips required him to have the car at hand. Appellant challenges this ruling on appeal. Finding no error, we affirm.

2

## BACKGROUND

### A. *The Accident and Appellant's Complaint*

Respondent is a limited liability company operating a vaping store in a shopping center in Santa Clarita. During the relevant period, respondent was co-owned by two partners, including Rihani, who generally managed the business's day-to-day operations. On the night of May 16, 2018, Rihani closed the store and headed home in his personal vehicle. As he was pulling out of the shopping center's parking lot, Rihani collided with Jackson's vehicle, causing her fatal injuries. Appellant, Jackson's mother, brought this action against Rihani and others, and later amended her complaint to add respondent as a defendant. She sought to hold respondent vicariously liable for Rihani's conduct on the theory that his conduct at the time of the accident was within the scope of his employment with respondent at the time of the incident.

### B. *Respondent's Motion for Summary Judgment*

Following discovery, respondent moved for summary judgment. Initially, it contended the "scope of employment" test was inapplicable to Rihani, who was a principal of respondent, rather than its employee. Alternatively, it argued Rihani was not acting within the scope of his work at the time of the accident because he was driving home, and under the "going and coming rule," an employee's commute to and from the workplace is generally not considered within the scope of employment. Anticipating that appellant would

raise the "required vehicle exception" to the going-and-coming rule, respondent asserted that while Rihani occasionally used his private vehicle for work purposes, he was not required to do so, and respondent derived no significant benefit from Rihani's use of his vehicle.[1]

In support of its motion, respondent submitted a declaration by Rihani, excerpts of Rihani's deposition testimony, and copies of respondent's bank statements for April 2017 through May 2018. According to Rihani's declaration, respondent did not own a company vehicle and did not need a vehicle to operate. When Rihani ran occasional errands for the company, he used his private vehicle for his own convenience, and respondent paid for his gas. Most of the time, respondent had supplies delivered directly to the business. However, a few times a month, Rihani would drive to downtown Los Angeles to pick up additional supplies on an "impromptu" basis. Although Rihani chose to obtain these supplies in person, "[a]ny product could have been, and most often was, delivered within a matter of days to add to the other ample inventory." And if a particular product was running low, it was unnecessary to "quickly replenish" it because there were

---

[1] As discussed below, under the "required vehicle" exception, an employer who requires an employee to use a personal vehicle for work purposes may be liable for torts committed during the employee's commute. (*Savaikie v. Kaiser Foundation Hospitals* (2020) 52 Cal.App.5th 223, 230 (*Savaikie*).)

4

multiple other products for sale.[2] Rihani made no work-related trip on the day of the accident.

In his deposition, Rihani acknowledged that having items delivered "would delay the process," but explained that the main reason he would make supply runs in person was "to know what's going on in in the market . . . , to see what's there . . . ." Rihani stated he used his own vehicle as a matter of "comfort," but noted that he could have used Uber to make his supply runs. Finally, respondent's bank records listed Rihani's occasional purchases on behalf of respondent from businesses in downtown Los Angeles and elsewhere throughout the months preceding the accident.[3]

Appellant opposed respondent's motion, arguing that for purposes of vicarious liability, similar rules applied to employees and principals. She asserted that the going-and-coming rule was inapplicable because Rihani was required to make his vehicle available to respondent so he could make supply runs on an emergency basis.

---

[2] Rihani also noted he made weekly trips to respondent's bank, which was in the same shopping center as respondent's store. While it would have been easy to walk there, for his own convenience, Rihani would often drive there in his vehicle.

[3] Based on respondent's bank records, appellant contends Rihani used his vehicle for work-related trips on 26 days in the four and a half months preceding the accident, while respondent contends he used his vehicle on only 17 days during that period. Regardless of the precise number, it is undisputed that Rihani used his vehicle for work purposes a few times per months, on average.

Alternatively, she claimed that respondent obtained a benefit from the availability of Rihani's vehicle, giving rise to an incidental-benefit exception to the going-and-coming rule.[4]

## C. The Trial Court's Ruling

Following a hearing, the trial court granted respondent's motion for summary judgment. The court reasoned that based on the uncontroverted evidence, Rihani was not required by respondent to have his personal vehicle available on a daily basis, but used it for work as a matter of personal convenience. It also rejected appellant's contention that Rihani's work trips were done on an emergency basis (and thus required the availability of his vehicle). Thus, the court concluded that there was "no evidence that [respondent] was deriving any benefit from Mr. Rihani's use of his vehicle at the time of the accident . . . ." Appellant timely appealed.[5]

---

[4]     As discussed below, some courts have recognized an exception to the going-and-coming rule where an employee's use of a vehicle provided the employer a sufficient benefit, even if the employer did not require the use of the vehicle. (See, e.g., *Pierson v. Helmerich & Payne Internat. Drilling Co.* (2016) 4 Cal.App.5th 608, 629 (*Pierson*).)

[5]     Following the trial court's entry of judgment, appellant moved for a new trial, but the court ultimately denied her motion for lack of jurisdiction because it was not heard within 60 days from the date of appellant's notice of intent to move for a new trial. Appellant does not challenge that ruling.

6

## DISCUSSION

Challenging the trial court's grant of summary judgment, appellant contends a triable issue exists as to respondent's vicarious liability for Rihani's conduct at the time of the accident. She argues the "incidental benefit" exception to the going-and-coming rule brought Rihani's drive home within the scope of his employment because respondent benefitted from the continuous availability of his private vehicle. As discussed below, we conclude that respondent did not draw sufficient benefit from the availability of Rihani's vehicle to justify holding it liable for Rihani's conduct.[6]

### A. Legal Principles

#### 1. Summary Judgment

"Summary judgment is appropriate only 'where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law.'" (*Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.) "'"We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made

---

[6] Given our conclusion, we need not consider respondent's contentions that exceptions to the going-and-coming rule are inapplicable to Rihani because he was a principal of respondent, rather than its employee, and that "incidental benefit" is not an independent exception to the rule.

7

and sustained.""" (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1037.)  "We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party." (*Ibid.*)

### 2. *Employers' Vicarious Liability for the Torts of Employees*

"Under the doctrine of respondeat superior, an employer is vicariously liable for an employee's tortious conduct within the scope of employment." (*Newland v. County of Los Angeles* (2018) 24 Cal.App.5th 676, 685 (*Newland*).)  The employer is held liable not because it controls the employee's conduct or is at fault for the third party's injuries, but because the employer's business creates inevitable risks:  "'The losses caused by the torts of employees, which as a practical matter are sure to occur in the conduct of the employer's enterprise, are placed upon that enterprise itself, as a required cost of doing business. They are placed upon the employer because, having engaged in an enterprise which will, on the basis of past experience, involve harm to others through the torts of employees, and sought to profit by it, it is just that he, rather than the innocent injured plaintiff, should bear them; and because he is better able to absorb them, and to distribute them, through prices, rates or liability insurance, to the public, and

8

so to shift them to society, to the community at large.'"[7] (*Hinman v. Westinghouse Elec. Co.* (1970) 2 Cal.3d 956, 959-960 (*Hinman*).)

Whether an employee was acting within the scope of employment is generally a question of fact, "but if the facts are undisputed and no conflicting inferences are possible, the question is one of law." (*Morales-Simental v. Genentech, Inc.* (2017) 16 Cal.App.5th 445, 453 (*Morales-Simental*).) The burden is on the plaintiff to show that the alleged negligent act was committed within the scope of employment. (*Bingener v. City of Los Angeles* (2019) 44 Cal.App.5th 134.)

---

[7] A similar framework applies in workers' compensation law to determine whether an employee injured while traveling to or from work sustained an injury ""'arising out of and in the course of the employment'"" for purposes of Labor Code section 3600. (*Pierson, supra,* 4 Cal.App.5th at 619.) But while the tests are closely related, the test applicable to respondeat superior is more restrictive, as workers' compensation cases apply statutory admonitions for liberal construction that are absent in respondeat superior law. (*Newland, supra,* 24 Cal.App.5th at 689.) As one court has observed, the two bodies of law "'are driven in opposite directions based on differing policy considerations'" (*Fields v. State of California* (2012) 209 Cal.App.4th 1390, 1398). Thus, workers' compensation cases may provide guidance, but are not controlling in respondeat superior cases. (*Fields, supra,* at 1398.)

### 3. *The Going-and-Coming Rule and Exceptions to the Rule*

"An employee's commute to and from the workplace is generally not considered to be within the course and scope of employment." (*Newland, supra,* 24 Cal.App.5th at 685.) "This rule, commonly referred to as the 'going and coming rule,' is grounded in the notion that 'the employment relationship is "suspended" from the time the employee leaves until he returns [citation], or that in commuting he is not rendering service to his employer.'" (*Id* at 686.)

Courts have recognized an exception to the going-and-coming rule, commonly referred to as the "'required-vehicle'" exception. This exception covers situations in which the employer ""requires an employee to furnish a vehicle as an express or implied condition of employment . . . ."" (*Savaikie, supra,* 52 Cal.App.5th at 230, italics omitted.) "In cases where an employee was expressly or impliedly required to bring a means of transportation to the job, "'the obligations of the job reach out beyond the premises, making the vehicle a mandatory part of the employment environment, and compel the employee to submit to the hazards associated with private motor travel, which otherwise he would have the option of avoiding.'" (*Newland, supra,* 24 Cal.App.5th at 688.)

Some courts have recognized a related exception, sometimes called the "incidental benefit exception," applicable where an employee's use of a vehicle was not

required, but provided the employer a meaningful benefit.[8] (*Pierson*, *supra,* 4 Cal.App.5th at 629; see also, e.g., *Lobo v. Tamco* (2010) 182 Cal.App.4th 297, 302-303 (*Lobo*).) "[N]ot all benefits to the employer are of the type that satisfy the incidental benefits exception." (*Pierson, supra,* at 630.) Trivial benefits, or benefits "'common to commute trips by ordinary members of the work force'" will not suffice. (*Jorge v. Culinary Institute of America* (2016) 3 Cal.App.5th 382, 398 (*Jorge*).) "[T]he benefit must be sufficient enough to justify making the employer responsible for the risks inherent in the travel."[9] (*Blackman v. Great American First Sav. Bank* (1991) 233 Cal.App.3d 598, 604.)

---

[8] Some cases have referred to the incidental-benefit exception and the required-vehicle exception interchangeably. (See *Pierson, supra,* 4 Cal.App.5th at 625-626 [noting caselaw's variable terminology in discussing these concepts].) Indeed, in *Savaikie, supra,* 52 Cal.App.5th at 232, our colleagues in Division Eight questioned whether an incidental benefit to the employer provided an independent exception to the going-and-coming rule, or was merely a factor in determining whether the employer impliedly required the employee's use of a personal vehicle. The *Savaikie* court nevertheless concluded that the defendant did not derive sufficient benefit from its volunteer's use of his personal vehicle to justify imposing liability on the defendant. (*Id.* at 233.) As noted, we need not decide whether incidental benefit to the employer provides an independent exception because it would not apply to the facts of this case.

[9] Some cases have stated that the incidental-benefit exception is satisfied when "'(1) the employee has agreed to make the vehicle available as an accommodation to the employer, and (2) the employer has reasonably come to rely on the vehicle's use

(*Fn. is continued on the next page*.)

11

A sufficient benefit from employees' use of a personal vehicle may exist, for example, where an employer enlarges the available labor market by compensating an employee for both travel time and expenses incident to the employee's commute.  (*Hinman, supra,* 2 Cal.3d at 962.)  However, the payment of expenses alone, without compensation for travel time, has been held insufficient to justify holding the employer vicariously liable.  (*Caldwell v. A.R.B.* (1986) 176 Cal.App.3d 1028, 1042 (*Caldwell*); *Harris v. Oro-Dam Constructors* (1969) 269 Cal.App.2d 911, 917 (*Harris*).)  Moreover, compensation for travel time related to work trips does not bring the employee's ordinary commute within the scope of employment.  (See *Jorge, supra,* 3 Cal.App.5th at 405 [payment of travel time for off-site events is irrelevant where injury occurred during uncompensated commute].)

As relevant to appellant's theory here, the daily availability of the employee's personal vehicle may benefit the employer if the conditions of the job require the employee to make work-related trips using that vehicle on short notice, regardless of whether the employee makes a work-related trip on the day of the relevant incident.  (See *Lobo, supra,* 182 Cal.App.4th at 302-303 [availability of employee's personal car benefitted employer because

_____

and expects the employee to make it available regularly.'" (*Pierson, supra,* 4 Cal.App.5th at 630.)  Yet even under this formulation, "the key inquiry is whether there is an incidental benefit derived by the employer." (*Lobo, supra,* 182 Cal.App.4th at 301.)

employee was required to arrive at customer sites promptly in response to complaints, but had no company car, and other employees were not always available to drive him]; cf. *County of Tulare v. Workers' Comp. Appeals Bd.* (1985) 170 Cal.App.3d 1247, 1249 (*County of Tulare*) [under workers' compensation law, daily availability of employee's personal vehicle benefitted employer, where employer encouraged employee to use personal vehicle to run required work errands on as-needed but regular basis, because alternative was more expensive to employer and required advance notice].)

Conversely, where the employee can plan work-related trips, the availability of the employee's vehicle on days when no such trips occur will not constitute a sufficient benefit to the employer. (See *Newland, supra,* 24 Cal.App.5th at 693 [employee knew in advance when he would have duties that required use of his car; thus, bringing his car to work on day of accident, when employee had no such duties, provided employer no benefit]; *Jorge, supra,* 3 Cal.App.5th at 406 [even if employer benefitted from employee's occasional use of personal vehicle to attend planned off-site events, the going-and-coming rule applied to his ordinary commute home from regular worksite on days that included no such events].) Similarly, the availability of the employee's vehicle will not constitute a sufficient benefit if the employee can use other suitable forms of transportation, and the employer is indifferent to the method used. (See *Savaikie, supra,* 52 Cal.App.5th at 233 & 231 [organization derived no "different

or additional benefit from [volunteer]'s use of his car to commute . . . than it would have received had he used any other form of transportation," such as Uber or Lyft]; *Lynn v. Tatitlek Support Services, Inc.* (2017) 8 Cal.App.5th 1096, 1109 (*Lynn*) [employee's commute in personal vehicle did not give rise to incidental benefit exception despite being extraordinarily lengthy, "particularly when [employer] provided optional, free transportation by bus"].)

### B. Analysis

Whether considered in the context of the required vehicle exception or as an independent exception to the going-and-coming rule, we conclude as a matter of law that respondent did not draw sufficient incidental benefit from the availability of Rihani's vehicle, and thus the going-and-coming rule precluded respondent's vicarious liability for his conduct at the time of the accident. It is undisputed that Rihani was simply driving home from work at the time and was not performing a work-related task. (See *Newland*, *supra,* 24 Cal.App.5th at 685; *Jorge*, *supra,* 3 Cal.App.5th at 405.) He had made no work-related trips that day. (See *Jorge*, *supra*, at 406.) And respondent did not compensate him for travel time or expenses related to his commute. (See *Caldwell*, *supra,* 176 Cal.App.3d at 1042; *Harris, supra,* 269 Cal.App.2d at 917; *Hinman, supra,* 2 Cal.3d at 962.) In short, nothing suggested Rihani's use of his private vehicle to drive home benefitted respondent in any way.

14

Appellant contends that because Rihani occasionally used his vehicle for work-related trips on an "'impromptu'" basis, respondent obtained substantial benefit from the daily availability of Rihani's vehicle, regardless of whether he used it for work purposes on a particular day. However, the record establishes that Rihani's work trips did not require him to have his vehicle available daily, as those trips were non-urgent, and Rihani could have used alternative means of transportation.

In the months before the accident, Rihani only occasionally used his personal vehicle to make supply runs. According to Rihani, the primary purpose of his trips was to engage with suppliers in person. While he acknowledged in his deposition that obtaining the supplies personally was faster than having them delivered, he explained in his declaration that it was unnecessary to "quickly replenish" a product that was running low, as there were multiple other products for sale. And "[a]ny product could have been, and most often was, delivered within a matter of days to add to the other ample inventory." Thus, while Rihani suggested his supply runs were unplanned, uncontradicted evidence showed they were non-urgent and did not require Rihani to have his vehicle available for these purposes on a daily basis. (See *Newland, supra,* 24 Cal.App.5th at 693; *Jorge, supra,* 3 Cal.App.5th at 406; cf. *Lobo,* 182 Cal.App.4th at 303; *County of Tulare, supra,* 170 Cal.App.3d at 1249.)

Moreover, Rihani testified at his deposition, and appellant does not dispute, that he could have used Uber to

15

make his supply runs.[10] He explained he used his own vehicle as a matter of "comfort." Nothing in the record suggests that the occasional use of Rihani's vehicle for supply runs provided respondent a different or additional benefit compared to using Uber for the same purpose.[11] Thus, nothing in the record supported that the availability of Rihani's vehicle provided respondent any meaningful benefit.[12] (See *Savaikie, supra,* 52 Cal.App.5th at 231, 233;

---

[10] The parties debate whether Rihani actually used Uber to make supply runs, but it is undisputed that this was an available alternative to the use of his private vehicle.

[11] Similarly, and contrary to appellant's suggestion, Rihani's use of his vehicle to drive to respondent's bank did not benefit respondent, as it is undisputed that the bank was in the same shopping center as respondent's store, that Rihani could easily have walked there, and that he would instead drive to the bank only for his own convenience. Pointing only to respondent's bank records, appellant conclusorily asserts that Rihani made trips to businesses other than those in downtown Los Angeles, such as Lowe's and Costco. However, appellant presents no argument regarding the nature, frequency, or import of those additional trips and thus has forfeited any contention in that regard. (See *Sviridov v. City of San Diego* (2017) 14 Cal.App.5th 514, 521 [failure to present reasoned argument constitutes forfeiture].) Moreover, nothing suggests those trips were made on an urgent basis or could not have been done using other means of transportation. (See, e.g., *Newland, supra,* 24 Cal.App.5th at 693; *Savaikie, supra,* 52 Cal.App.5th at 231, 233; cf. *Lobo, supra,* 182 Cal.App.4th at 302-303.)

[12] *Zhu v. Workers' Comp. Appeals Bd.* (2017) 12 Cal.App.5th 1031 (*Zhu*) and *Moreno v. Visser Ranch, Inc.* (2018) 30 (*Fn. is continued on the next page.*)

16

*Lynn*, *supra,* 8 Cal.App.5th at 1109; cf. *Lobo*, *supra,* 182 Cal.App.4th at 302-303; *County of Tulare*, *supra,* 170 Cal.App.3d at 1249.)

Appellant emphasizes that Rihani's supply runs benefitted respondent, and argues that because he used his personal vehicle, respondent had no need to provide him with a company car. The question, however, is not whether Rihani's work trips benefitted respondent, but whether the daily availability of his vehicle did so to such an extent as to override the policies underlying the going-and-coming rule. As discussed, given that Rihani's work trips were not urgent, and that he could have used another form of transportation to make them, respondent did not draw meaningful benefit from the daily availability of his vehicle. Contrary to appellant's argument, Rihani's ability to use Uber meant that respondent had no need to provide him with a company car, even if he did not use his personal vehicle for work purposes.

Appellant argues the fact that respondent gave Rihani gas money for his supply runs reflected that respondent benefitted from the availability of his vehicle. But as noted,

Cal.App.5th 568 (*Moreno*), cited by appellant, are distinguishable. (See *Zhu, supra*, at 1041 [employee entitled to workers' compensation benefits where she was injured while traveling between two worksites]; *Moreno, supra*, at 571 [reversing summary adjudication for employer where there was evidence that employer required employee to be on call with company car "24 hours a day, seven days a week"].)

the payment of travel expenses is insufficient to justify imposing respondeat superior liability on an employer. (See *Caldwell, supra,* 176 Cal.App.3d at 1042; *Harris, supra,* 269 Cal.App.2d at 917). And even if it were, compensation for work-related trips would not bring Rihani's ordinary commute within the scope of his work. (See *Jorge, supra,* 3 Cal.App.5th 382, 405 ["by [plaintiff's] logic, any time an employee drove a personal vehicle to an airport while traveling for work and subsequently sought reimbursement for the miles driven, the employer would be vicariously liable for an accident caused by the employee while driving to his or her regular workplace on a different day. That is not the law"].)

For the first time in her reply brief, appellant suggests respondent *required* Rihani to make his vehicle available for work purposes. Highlighting Rihani's status as respondent's co-owner and manager, appellant argues that he was essentially "self-employed," and his actual practices establish the requirements of his work. To the extent appellant seeks to invoke the required-vehicle exception, she has forfeited any contention in that regard by failing to raise it in her opening brief. (See *Browne v. County of Tehama* (2013) 213 Cal.App.4th 704, 726 [failure to raise contention in opening brief constitutes forfeiture]). Moreover, appellant overlooks that the required-vehicle exception demands that the employee provide a personal vehicle as a "condition of employment." (*Savaikie, supra,* 52 Cal.App.5th at 230.) It defies common sense to assert that a person who, according

18

to appellant, is essentially self-employed, could require anything of himself as a condition of employment. (Cf. *Morales-Simental*, *supra,* 16 Cal.App.5th at 456 [rejecting contention that supervisorial employee "could order himself to perform a special errand" on employer's behalf, and noting this position would "strip[] the employer of the ability to control when it will be liable for an employee's off-shift activities"].) In sum, we discern no triable issue as to respondent's vicarious liability for Rihani's conduct at the time of the accident.

## DISPOSITION

The judgment is affirmed.  Respondent is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

COLLINS, J.

CURREY, J.

20