Filed 10/24/24  Evans v. Organizing for Action CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| RICHARD EVANS et al., | B327044 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC663094) |
| v. | |
| ORGANIZING FOR ACTION et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lawrence H. Cho, Judge.  Affirmed.

Mortimer Law Firm, Thomas F. Mortimer, Jr.; Orland Law Group and James J. Orland for Plaintiffs and Appellants.

Kramer, deBoer & Keane, Jeffrey S. Kramer and Kelsey G. Artinger for Defendant and Respondent Organizing for Action.

Law Offices of Cleidin Z. Atanous and Cleidin Z. Atanous for Defendant and Respondent Greg Kawczynski.

\* \* \* \* \* \*

A local volunteer of a national advocacy group got into a car accident while picking up another volunteer so they could attend a planning meeting with a third volunteer.  The driver of the other car who was injured in the accident sued the volunteer-driver and the national group.  After a bifurcated trial, the trial court ruled that the national group was not liable for the volunteer-driver's alleged negligence under the "going-and-coming" exception to vicarious liability.  Because the record does not compel a ruling in the injured driver's favor as a matter of law, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**I.    Facts[1]**

On February 20, 2016, Greg Kawczynski (Kawczynski) got into an accident when his car collided with a car driven by Richard Evans (Evans) at an intersection in San Pedro, California.

At the time of the accident, Kawczynski was a volunteer for the Long Beach chapter of Organizing for Action (OFA).

OFA is a nationwide issue advocacy and advocacy educational group headquartered in Chicago, Illinois.  It was

---

[1]     Consistent with the substantial evidence review standard applicable in this case, we set forth the facts in the light most favorable to the trial court's ruling.

formed in 2013 and dissolved in 2019.  OFA was a "bottom-up" organization that relied on locally formed chapters of volunteers. During its existence, OFA organized "National Days of Action," for which it "strongly urged" but did not require local chapters to host events geared toward a specific policy issue on the same day or days.

In February 2016, OFA invited its local chapters to participate in a National Day of Action regarding the potential nomination of then-Judge Merrick Garland to the United States Supreme Court.

At that time, Kawczynski was the co-"chapter lead" for the Long Beach chapter of OFA.  He and the other co-chapter lead, Daniel Mulherin (Mulherin), decided to have a meeting on February 20, 2016, to plan a "phone bank" activity in support of the Garland-related National Day of Action.  The decision as to whether and where to hold the planning meeting was Kawczynski's and Mulherin's alone, without any involvement from OFA.

Kawczynski and Mulherin also invited Nicholas Maldonado (Maldonado), who was at that time the Long Beach chapter's "volunteer coordinator," because Maldonado would be "critical" to planning the phone bank activity.  Because Maldonado did not have his own car, Kawczynski drove from his home in Long Beach to Maldonado's residence in San Pedro to pick him up. The collision with Evans happened as Kawczynski was driving back from Maldonado's residence to the meeting at Mulherin's house.

The Long Beach chapter's volunteers would sometimes carpool.  Kawczynski had given Maldonado a ride to chapter events "at least 10 times" prior to the date of the accident.

OFA staff were aware that the volunteers at the local chapters sometimes would carpool, but had no official national policy regarding carpooling and thus did not require or "expect[]" local chapter volunteers to carpool. OFA did not require its local volunteers to have a vehicle, to have a driver's license, or to provide proof of insurance. OFA did not reimburse its volunteers for mileage or gas. OFA carried a $1 million automobile insurance policy and a $5 million umbrella policy to protect against liability.

It is undisputed that Maldonado could have found an alternative means to get to the planning meeting (such as a bus or a rideshare), that the decision to give Maldonado a ride to the planning meeting was Kawczynski's and Kawczynski's alone, and that OFA had no role in that decision whatsoever.

## II. Procedural Background

On May 30, 2017, Evans and his wife (collectively, plaintiffs) sued Kawczynski for (1) negligence, and (2) loss of consortium. Plaintiffs subsequently substituted OFA for a fictitiously named defendant.[2]

Plaintiffs and OFA agreed to bifurcate the issue of whether OFA was vicariously liable for any negligence by Kawczynski, and consented to a bench trial on that issue. The matter proceeded to a three-day trial on that preliminary issue in November and December 2022.

---

[2] Plaintiffs originally sued the City of Los Angeles and Home Depot U.S.A., Inc. for dangerous condition of public property and premises liability, respectively, but subsequently dismissed them. OFA cross-claimed against the City, but subsequently dismissed its cross-claim.

After the presentation of evidence and post-trial briefing, the trial court issued a written ruling in December 2022. The court ruled that (1) Kawczynski was OFA's "agent," but that (2) OFA was not vicariously liable for Kawczynski's alleged negligence because "he was on his way (with passenger Maldonado) to a work meeting" and hence the "going-and-coming" exception exempting OFA from vicarious liability applied. The court went on to find that (1) the "incidental benefit/required vehicle" exception to the going-and-coming exception did not apply because (a) OFA did not expressly or impliedly require Kawczynski to pick up Maldonado, and (b) the "benefit" of having Maldonado at the planning meeting did not constitute a qualifying "incidental benefit" under the pertinent precedent; and (2) the "special errand" exception to the going-and-coming exception did not apply because there was "no directive from OFA for [Kawczynski] to pick up Maldonado" and because that carpool was the product of an "'informal agreement'" between Kawczynski and Maldonado.

After the trial court entered judgment for OFA, plaintiffs filed this timely appeal.[3]

## DISCUSSION

Plaintiffs argue that the trial court erred in determining that Kawczynski's alleged negligence was outside the course and scope of his agency with OFA under the going-and-coming exception. Because this determination occurred after a bifurcated trial proceeding, our review is for substantial evidence. "By definition, substantial evidence review is deferential to the

---

[3] We take judicial notice of the trial court's docket indicating plaintiffs thereafter dismissed their claims against Kawczynski. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

ruling below—and makes it difficult to show reversible error—due to the prism through which it mandates we review the evidence: We must resolve all conflicts in the evidence in favor of the ruling below [citation], must draw all reasonable inferences from that evidence in favor of the ruling below [citation], and may not reweigh the evidence or any credibility findings [citation]." (*Estate of Berger* (2023) 91 Cal.App.5th 1293, 1307.) What is more, because plaintiffs bore the burden of proving that Kawczynski was acting within the course and scope of his agency (*Ducey v. Argo Sales Co.* (1979) 25 Cal.3d 707, 721-722 (*Ducey*)), plaintiffs can prevail on their appeal only if "the evidence compels a finding" in their "favor as a matter of law." (*Berger*, at p. 1307.)

## I.     Overview of Pertinent Law

### A.     *General rule of vicarious liability*

The general rule is that a principal (including an employer) "may be vicariously liable for the tortious act committed by an agent [including an employee] within the course and scope of the agency." (*Peredia v. HR Mobile Services, Inc.* (2018) 25 Cal.App.5th 680, 691; see also *Pierson v. Helmerich & Payne Internat. Drilling Co.* (2016) 4 Cal.App.5th 608, 618 (*Pierson*) [same, as to employers and employees].)

### B.     *Going-and-coming exception*

Under the so-called "going-and-coming" exception, an agent or employee "is not regarded as acting within the scope of [their agency or] employment while going to or coming from [their] place of work." (*Ducey, supra*, 25 Cal.3d at p. 722; *Hinman v. Westinghouse Elec. Co.* (1970) 2 Cal.3d 956, 961 (*Hinman*).) This exception exempts the principal or employer from the usual rule of vicarious liability because the agent or employee is not "'rendering services to the [principal or] employer while

6

traveling.'" (*Jeewarat v. Warner Bros. Entertainment, Inc.* (2009) 177 Cal.App.4th 427, 435.)

### C. ***Exceptions to the going-and-coming exception***

The going-and-coming exception itself has "'many'" exceptions (*Hinojosa v. Workman's Comp. Appeals Bd.* (1972) 8 Cal.3d 150, 156 (*Hinojosa*)), a few of which are pertinent here.

### 1. *The required vehicle/incidental benefit exception to the going-and-coming exception*

#### a. Required vehicle variant

Under this exception-to-an-exception, a principal or employer remains liable for its agent's or employee's negligence while commuting to or from the place of employment if the principal or employer requires the agent or employee to "'furnish a vehicle as an express or implied condition of employment.'" (*Pierson, supra,* 4 Cal.App.5th at p. 625; *Savaikie v. Kaiser Foundation Hospitals* (2020) 52 Cal.App.5th 223, 230 (*Savaikie*); *Ducey, supra,* 25 Cal.3d at p. 723; *Hinojosa, supra,* 8 Cal.3d at p. 161; CACI No. 3725.) The use of a vehicle is "impliedly required" when, as a practical matter, "the job is [necessarily] structured, and dependent upon," the agent or employe using their own vehicle. (*Hinojosa,* at p. 162.)

#### b. Incidental benefit variant

Under this exception-to-an-exception, a principal or employer remains liable for its agent's or employee's negligence while commuting to or from the place of employment if the "'*use of the [agent's or employee's vehicle] gives some incidental benefit to the employer.*'"[4] (*Lobo, supra,* 182 Cal.App.4th at p. 301;

---

4      There is a subvariant of this variant that applies when an agent or employee "agree[s] . . . to make [their] vehicle available as an accommodation to the employer and the employer has

*Pierson, supra,* 4 Cal.App.5th at pp. 629-630.)  Because this exception-to-an-exception renders the principal or employer "responsible for the risks inherent in the" commute, "not all" benefits "are of a type that satisfy the incidental benefit[] exception." (*Pierson,* at p. 630; *Blackman v. Great American First Savings Bank* (1991) 233 Cal.App.3d 598, 604.)  To qualify under this exception, the incidental benefit (1) must be something *beyond* a benefit "'common to commute trips by ordinary members of the work force'" (*Hinojosa, supra,* 8 Cal.3d at p. 158; *Hinman, supra,* 2 Cal.3d at p. 962), *and* (2) must come from the agent's or employee's use of the vehicle itself (*Hinojosa,* at p. 156; *Newland v. County of Los Angeles* (2018) 24 Cal.App.5th 676, 694).  Thus, a principal or employer derives a qualifying incidental benefit when it explicitly or implicitly requires its agent or employee to use their personal vehicle so it is available for them to use to complete their work during the workday (*Hinojosa,* at p. 156; *Lobo,* at p. 301; CACI No. 3725), or when the principal or employer pays for commute time in order to expand the radius of potential agents or employees (*Hinman,* at p. 962).  Conversely, a principal or employer does *not* derive a qualifying incidental benefit merely because the agent or employee elects to use their personal vehicle—rather than some other form of transportation—in order to commute and the principal or employer gets the "benefit" of merely having the agent or employee physically present at work (*Newland,* at p. 693; *Savaikie, supra,* 52 Cal.App.5th at p. 234); if that were sufficient,

---

'reasonably come to rely upon its use'" during the course and scope of the agency or employment.  (*Lobo v. Tamco* (2010) 182 Cal.App.4th 297, 301 (*Lobo*).)  This subvariant is not at issue here.

the incidental benefit exception would negate the going-and-coming exception entirely.

        2.     *The special errand exception to the going-and-coming exception*

Under this exception-to-an-exception, a principal or employer remains liable for its agent's or employee's negligence while commuting to or from the place of work if that commute occurred while the agent or employee "was engaged in a special errand" "either as part of [their] regular duties or at a specific order or request of [the principal or] employer." (*Ducey*, *supra*, 25 Cal.3d at p. 722; *Felix v. Asai* (1987) 192 Cal.App.3d 926, 931; *Hinojosa*, *supra*, 8 Cal.3d at p. 169.) The special errand exception does not apply, however, if it is the *agent or employee* who decides, on their own, to undertake the errand. (*Morales-Simental v. Genentech, Inc.* (2017) 16 Cal.App.5th 445, 456.)

## II.    Analysis

The trial court's ruling that OFA is not vicariously liable for Kawczynski's alleged negligence while driving himself and Maldonado to a local chapter meeting must be affirmed under the substantial evidence standard. Even if we assume that Kawczynski is OFA's agent,[5] the evidence presented at the bifurcated trial does not compel the finding—as a matter of law—that OFA is liable for Kawczynski's alleged negligence. Because substantial evidence supports the trial court's finding that the accident occurred while Kawczynski was commuting to a planning meeting for an upcoming OFA-encouraged activity—and hence that the going-and-coming exception to vicarious

---

[5]    This assumption obviates any need to address the parties' arguments as to the propriety of the trial court's finding that Kawczynski was OFA's agent.

liability applies—the main issue on appeal is whether the evidence at the bifurcated trial compels the finding that any exception to the going-and-coming exception applies.

The evidence does not compel a finding that the required vehicle or incidental benefit exceptions to the going-and-coming exception apply. As to the required vehicle variant, the evidence does not compel a finding that OFA explicitly or implicitly required local volunteers to pick each other up while attending OFA-encouraged events or meetings to plan those events. OFA had no policy requiring or expecting volunteers to carpool; while OFA was ostensibly *aware* that carpooling occurred, OFA was ambivalent as to whether volunteers got to events or meetings by carpool or by some other means of transportation. For the first time at oral argument, plaintiff argued that OFA's decision to carry insurance constitutes evidence that OFA foresaw that its employees or volunteers might drive; plaintiff's decision not to press this argument in its briefing constitutes a waiver. (*People v. Crow* (1993) 6 Cal.4th 952, 960, fn. 7).) In any event, we doubt that an organization's decision to carry automobile and umbrella insurance policies to guard against liability (which is necessary whether or not a claim of liability has merit) is evidence of a mandatory requirement by the organization to use one's car; more to the point, we are sure that such policies do not *compel* a finding that car use was a mandatory policy. As to the incidental benefit variant, the evidence does not compel a finding that OFA derived any qualifying incidental benefit from Kawczynski's use of his car to pick up Maldonado: OFA did not require volunteers to use their personal vehicles in order to complete their work for OFA, and did not pay for commute time in order to expand the universe of possible volunteers. The evidence showed that the

sole benefit OFA derived from Kawczynski picking up Maldonado was that Maldonado was able to attend the planning meeting; that is not a qualifying incidental benefit. What is more, the evidence supported a finding that OFA was ambivalent as to *how* Maldonado got to the meeting and that the decision to carpool was Kawczynski's and not OFA's.

The evidence does not compel a finding that the special errand exception to the going-and-coming exception applies. That is because it is undisputed that the decision to undertake the "special errand" of picking up Maldonado was Kawczynski's decision and his decision alone.

In *Pierson, supra*, 4 Cal.App.5th 608, the court espoused a multi-factor test to assess whether a principal or employer should be liable for torts committed while their agents or employees carpool to work; the factors in the test derive from the various exceptions to the going-and-coming exception. (*Id.* at p. 624.) Specifically, *Pierson* urges courts to examine: "(1) the role played by the [principal or] employer in any carpooling arrangements; (2) payments by the [principal or] employer to its [agents or] employees for the time or expenses incurred in commuting to the jobsite; (3) [principal or] employer control over the commute; (4) the location of the accident compared to the route the driver would have taken if not transporting other [agents or] employees; and (5) any incidental benefits accruing to the employer as a result of the employees' carpooling arrangements." (*Ibid.*). Here, the evidence supports findings that OFA had no role in making carpooling arrangements, did not pay for time or mileage during the commute, had no control over its volunteers' commute, and did not derive any qualifying incidental benefit from the carpooling; the sole factor cutting in favor of liability is that

11

Kawczynski had to drive out of his way to pick up Maldonado, such that the accident might not have happened absent Kawczynski's decision to pick up Maldonado. Because only one factor cuts in favor of liability, the evidence in this case does not compel a finding that OFA is liable for Kawczynski's accident while carpooling. (Accord, *Pierson*, at p. 627 [decision by employees to carpool does not negate the going-and-coming exception]; *Anderson v. Pacific Gas & Electric Co.* (1993) 14 Cal.App.4th 254, 262 [same]; *Caldwell v. A.R.B., Inc.* (1986) 176 Cal.App.3d 1028, 1037 [same].)

Plaintiffs resist this conclusion. They argue that substantial evidence supports findings that (1) Maldonado's attendance at the planning meeting was "critical," so OFA incidentally benefitted from his presence at that meeting; (2) OFA "encouraged"—and therefore "impliedly required"—its local chapter leaders to carpool; (3) OFA "specifically directed" Kawczynski to hold the planning meeting; and (4) Kawczynski drove nearly three hours out of his way to pick up Maldonado and bring him to Mulherin's residence.

We reject plaintiffs' arguments for several reasons.

As a threshold matter, plaintiffs' arguments utterly ignore the standard of review. The question is not whether substantial evidence would have supported a verdict in their favor; instead, it is whether the evidence *compels a verdict in their favor as a matter of law*. As a result, plaintiffs' citation to evidence that might support a verdict in their favor is ultimately unhelpful. Further, plaintiffs recite the evidence from the bifurcated trial in the light most favorable *to them* rather than the light most favorable to the trial court's ruling.

12

Plaintiffs' remaining arguments all lack merit. Whether Maldonado's presence at the planning meeting was "critical" is irrelevant; the fact that an employee gets to work using their car is *not* a qualifying incidental benefit, no matter how important or unimportant they are. Plaintiffs are simply incorrect that the record compels a finding that OFA "encouraged" or "specifically directed" Kawczynski to carpool in order to bring volunteers to local chapter functions; indeed, it is undisputed that the decision to pick up Maldonado (rather than having Maldonado get to the meeting using some other mode of transportation) was Kawczynski's and Kawczynski's alone—and that OFA had nothing to do with it. And the *duration* of Kawczynski's commute to carpool with Maldonado does not alter the undisputed evidence that the decision to carpool was not attributable to OFA. Plaintiffs seem to suggest that the commute was so long and so out of the way that it falls outside of the going-and-coming exception entirely, but they offer no legal support for that proposition and substantial evidence supports the trial court's finding that Kawczynski was driving *to* an OFA meeting with Maldonado, which falls under the plain definition of a "commute" to or from work.

## DISPOSITION

The judgment is affirmed. OFA is entitled to costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
HOFFSTADT

13

We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ